# UNITED STATES DISTRICT COURT
for
Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 18, 2019

SEAN F. McAVOY, CLERK

| U.S.A. vs. | Boak, Tristen J | Docket No. | 2:18CR00115-TOR-6 |

### Petition for Action on Conditions of Pretrial Release

COMES NOW Erik Carlson, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant Tristen J. Boak, who was placed under pretrial release supervision by the Honorable U.S. Magistrate Judge John T. Rodgers, sitting in the Court at Spokane, Washington, on the 13th day of July 2018, under conditions of release.

On April 5, 2019, Ms. Boak appeared before the Honorable John T. Rodgers, U.S. Magistrate Judge, in Spokane for an initial appearance regarding alleged violations of pretrial release supervision. The Court revoked Ms. Boak's pretrial release and remanded her to custody.

On May 13, 2019, the Honorable Mary K. Dimke, U.S. Magistrate Judge, ordered Ms. Boak to be released from custody into inpatient substance abuse treatment based on an unopposed motion for release.

On June 5, 2019, Ms. Boak appeared before the Honorable Thomas O. Rice, Chief U.S. District Judge, for a detention review hearing. Upon completion of inpatient substance abuse treatment, the Court released Ms. Boak under conditions of pretrial release supervision.

**Standard Condition #2:** Defendant shall immediately advise the court, defense counsel and the U.S. Attorney in writing before any change in address and telephone number.

**Standard Condition #6:** Defendant shall report to the United States Probation Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

**Additional Condition #24:** Substance Abuse Evaluation: Defendant shall participate in a substance abuse evaluation as directed by Pretrial Services.

**Condition 2(d) (Imposed on May 13, 2019, ECF No. 252):** Following inpatient treatment, Defendant shall participate in an aftercare program.

**Additional Condition #27:** Prohibited Substance Testing: If random urinalysis testing is not done through a treatment program, random urinalysis testing shall be conducted through Pretrial Services, and shall not exceed six (6) times per month. Defendant shall submit to any method of testing required by the Pretrial Service Office for determining whether the Defendant is using a prohibited substance. Such methods may be used with random frequency and include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of prohibited substance testing.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

**Violation #1:** Tristen J. Boak is alleged to have failed to immediately advise the undersigned officer of her change of address on July 9, 2019.

On July 19, 2018, the conditions of pretrial release supervision were reviewed with Ms. Boak. She acknowledged an understanding of her conditions, which included standard condition number 2.

On July 16, 2019, the undersigned officer attempted to call Ms. Boak at the Whitworth Oxford House, her reported residence. A female answered the telephone and advised that Ms. Boak moved out of the residence on July 9, 2019.

The undersigned officer spoke with Ms. Boak on July 16, 2019. She reported being evicted from the Whitworth Oxford House due to not paying rent. Ms. Boak advised, she moved into her father's residence and was attempting to enter into another Oxford House.

Later on July 16, 2019, the undersigned officer contacted the director of the local Oxford House organization. The director advised Ms. Boak had not paid rent in June or July 2019. She also advised Ms. Boak had some other issues while at the Oxford House, but the primary reason she was evicted from Whitworth Oxford House was due to delinquent rent payments. The director advised, Ms. Boak would be allowed to move into another Oxford House; however, she would be required to make payments toward her delinquent rent payments.

**Violation #2:** Tristen J. Boak is alleged to have failed to report to the United States Probation Office as directed on July 17, 2019.

On July 19, 2018, the conditions of pretrial release supervision were reviewed with Ms. Boak. She acknowledged an understanding of her conditions, which included standard condition number 6.

On July 15, 2019, Ms. Boak failed to report for random drug testing.

On July 16, 2019, the undersigned officer contacted Ms. Boak and instructed her to report to the U.S. Probation Office on July 17, 2019, at 8 a.m., to submit to drug testing.

On July 17, 2019, at 7:47 a.m., Ms. Boak sent the undersigned officer a text message advising she could not report at 8 a.m. due to a conflict with her employment schedule. Ms. Boak stated she would report by noon on July 17, 2019. Ms. Boak failed to report to the U.S. Probation Office on July 17, 2019.

**Violation #3:** Ms. Boak has failed to attend recommended outpatient substance abuse treatment between June 25 through July 16, 2019.

On July 19, 2018, the conditions of pretrial release supervision were reviewed with Ms. Boak. She acknowledged an understanding of her conditions, which included additional condition number 24.

On May 13, 2019, the Honorable Mary K. Dimke, U.S. Magistrate Judge, ordered Ms. Boak to be released to an inpatient substance abuse treatment program (ECF No. 252). As a part of this release order, the Court ordered Ms. Boak to participate in an aftercare program, upon completion of inpatient substance abuse treatment.

On June 6, 2019, Ms. Boak successfully completed inpatient substance abuse treatment at Spokane Addiction and Recovery Center (SPARC). Upon completion of inpatient substance abuse treatment, Ms. Boak was recommended to attend outpatient substance abuse treatment services through SPARC.

On June 7, 2019, Ms. Boak was admitted into outpatient substance abuse services at SPARC. Currently, Ms. Boak is required to attend 5 hours of group therapy and two outside support groups weekly, as well one monthly individual counseling session.

On July 9, 2019, SPARC provided a monthly treatment report regarding Ms. Boak's progress for the month of June 2019. Ms. Boak attended two out of eight possible treatment groups for that month. The counselor at SPARC indicated Ms. Boak was given leeway for missing groups in June 2019, as she communicated her employment schedule conflicted with her treatment times.

On July 16, 2019, the undersigned officer contacted Ms. Boak's assigned counselor at SPARC. The counselor advised Ms. Boak was given some leeway from attending substance abuse treatment groups due to conflicts with her employment schedule. The counselor further advised, Ms. Boak was still required to attend treatment groups three times per week and was given the option to attend sessions that would not conflict with her work schedule. However, Ms. Boak has not been at a substance abuse treatment group since June 24, 2019.

Later on July 16, 2019, the undersigned officer contacted Ms. Boak and instructed her to attend all recommended substance abuse treatment sessions.

On June 17, 2019, the undersigned officer confirmed with the counselor at SPARC that Ms. Boak attended a substance abuse treatment group on that date.

**Violation #4:** Tristen J. Boak is alleged to have failed to report to Pioneer Human Services (PHS) for random drug testing on July 15 and 17, 2019.

On July 19, 2018, the conditions of pretrial release supervision were reviewed with Ms. Boak. She acknowledged an understanding of her conditions, which included additional condition number 27.

On June 6, 2019, Ms. Boak was referred to the phase urinalysis testing program at PHS. Ms. Boak was instructed to contact PHS on a daily basis to determine if she was required to submit to random drug testing.

On July 15 and 17, 2019, Ms. Boak failed to report to PHS and submit to random drug testing.

It should be noted, the undersigned officer also instructed Ms. Boak to report to the U.S. Probation Office on July 17, 2019, and submit to drug testing due to her failure to appear for drug testing on July 15, 2019 (as noted in violation #2). This instruction occurred prior to the undersigned officer having knowledge of Ms. Boak's requirement to submit to random drug testing at PHS on July 17, 2019.

PRAYING THAT THE COURT WILL ORDER A WARRANT

|  |  |  |
|---|---|---|
|  |  | I declare under the penalty of perjury that the foregoing is true and correct. |
|  |  | Executed on: July 18, 2019 |
|  | by | s/Erik Carlson |
|  |  | Erik Carlson<br>U.S. Pretrial Services Officer |

PS-8
**Re: Boak,, Tristen J**
**July 18, 2019**
**Page 4**

PS-8
**Re: Boak,, Tristen J**
**July 18, 2019**
**Page 4**

THE COURT ORDERS

[ ] No Action
[✓] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[✓] Defendant to appear before the Judge assigned to the case.
[ ] Defendant to appear before the Magistrate Judge.
[ ] Other

_Thomas O. Rice_
Signature of Judicial Officer

July 19, 2019
Date